**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

LAWRENCE HILL                                                                                           PLAINTIFF

V.                                             3:14CV00003-JJV

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Lawrence Hill, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act (the "Act"). For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.     BACKGROUND**

On February 25, 2011, Mr. Hill protectively filed for SSI benefits due to emphysema, COPD, asthma, hepatitis C, back pain, and a regurgitating heart valve. (Tr. 127) Mr. Hill's claims were denied initially and upon reconsideration. At Mr. Hill's request, an Administrative Law Judge ("ALJ") held a hearing on July 25, 2012 where Mr. Hill appeared with his lawyer. (Tr. 22) At the hearing, the ALJ heard testimony from Mr. Hill and a vocational expert ("VE"). (Tr. 23-49)

The ALJ issued a decision on August 28, 2012, finding that Mr. Hill was not disabled under the Act. (Tr. 10-17) The Appeals Council denied Mr. Hill's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

Mr. Hill, who was forty-six years old at the time of the hearing, has a seventh grade education. (Tr. 24) He has past relevant work experience as a tractor operator, food loader, sauce mixer, construction worker, and poultry hanger. (Tr. 39-40)

## II.   DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Mr. Hill had not engaged in substantial gainful activity since February 25, 2011, and he had the following severe impairments: emphysema/chronic obstructive pulmonary disease and multilevel lumbar degenerative disc disease. (Tr. 12) However, the ALJ found that Mr. Hill did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 12)

According to the ALJ, Mr. Hill has the residual functional capacity ("RFC") to do light work, except that he is limited to work in an indoor environment which avoids exposure to excessive dust, smoke, fumes, or other pulmonary irritants. He is also limited to simple, routine, and repetitive tasks under supervision that is simple, direct, and concrete. (Tr. 13) The VE testified that the jobs available with these limitations were cashier II, office helper, and retail sales attendant. (Tr. 41)

After considering the VE's testimony, the ALJ determined that Mr. Hill could perform a significant number of other jobs existing in the national economy, and found that Mr. Hill was not disabled.

## III.   ANALYSIS

### A.   Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

[2] 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion."[5]

**B.     Mr. Hill's Arguments for Reversal**

Mr. Hill asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence.  He argues the ALJ erred (1) because the hypothetical question posed to the vocational expert was not supported by the evidence; and (2) because his credibility assessment was improper.  (Doc. No. 11)

1.     Hypothetical Question

Mr. Hill contends that the ALJ's hypothetical question posed the vocational expert was in error because it involved light work, and this "does not accurately state [Mr.] Hill's work-related limitations." (Doc. No. 11) An ALJ need not include limitations for impairments that the he did not find credible.[6]  The ALJ's light work RFC was supported by the medical evidence and the findings of the state agency consultants, which were given "some, but not great weight," since the consultant failed to consider environmental factors.  (Tr. 15) Notably, Mr. Hill points out no evidence to the contrary.  In fact, Mr. Hill's testimony supports the ALJ's finding.  Mr. Hill testified that he lift fifty

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

[6]*Howe v. Astrue*, 499 F.3d 835, 842 (8th Cir. 2007) (holding that a hypothetical "need only include impairments that are supported by the record and that the ALJ accepts as valid").

to sixty pounds, lbs, though it might hurt his back. However, he could definitely lift twenty pounds. He also testified that after fifteen to twenty minutes of sitting, he needs to either get up or "twist around or move [his] back, get it out of position." (Tr. 32) In his Function Report, Mr. Hill indicated that his daily routine involved "sitting in [a] lawn chair for 20 minutes or so" and he grocery shops three times a month for about thirty minutes at a time. (Tr. 160, 163)

    2.    Credibility

Mr. Hill contends the ALJ's credibility assessment was in error and that objective medical evidence supports his testimony. However, the issue is not whether there was evidence to support Mr. Jackson's claim of disability, but whether there was substantial evidence to support the ALJ's decision.[7] As set out below, there was substantial evidence to support the ALJ's decision:

**Smoking/Affording Treatment** -- Though Mr. Hill asserts that he does not have the money to see a back doctor as recommended, he testified that he continues to smoke and has been smoking two packs a day for decades, though he is now down to about a half pack a day. (Tr. 27) Smoking is an expensive, ongoing habit that can be considered when weighing Mr. Hill's credibility. Additionally, it is a habit that directly exacerbates Mr. Hill's medical conditions. Yet, he has continued to smoke despite repeatedly being directed to stop by his treating doctors.[8] (Tr. 218, 214, 318) Accordingly, the ALJ properly considered the fact that Mr. Hill has not "follow a prescribed course of medical treatment" when assessing his credibility.[9]

---

[7]*Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.").

[8]*Mouser v. Astrue*, 5454 F.3d 634, 638 (8th Cir. 2008) (holding that "there is no dispute that smoking has a direct impact on [claimant's] pulmonary impairments. Thus, the ALJ appropriately considered [his] failure to stop smoking in making his credibility determination.").

[9]*Burnside v. Apfel*, 223 F.3d 840, 844 (8th Cir. 2000).

**Lack of Treatment** -- The ALJ considered the lack of consistent treatment for Mr. Hill's back problem.[10] Mr. Hill injured himself lifting a TV in August 2011 but, as the ALJ noted, there was "no treatment for nearly a year thereafter" when Mr. Hill returned to the doctor complaining of back and shoulder pain in July 2012. (Tr. 14, 318) The ALJ also noted this visit was just a few weeks before Mr. Hill's disability hearing.

**Conservative Treatment** -- Even when Mr. Hill did return to the doctor to deal with his back problem, the doctor recommended "heat, ice, Biofreeze." (Tr. 318) Additionally, there have been no recommendations for surgery; rather, he is prescribed medications for his back and inhalers for his breathing. This conservative treatment weighs against the severity of Mr. Hill's claims.[11]

**Controlled with Medication** -- It also appears that Mr. Hill's conditions are controlled with medication. He explained that he had not been to the doctor in "almost a year" because his doctor gave him a six-month supply of prescriptions and his inhalers come in the mail. (Tr. 37) Based on this testimony and the objective medical records, the ALJ properly concluded that Mr. Hill's "shortness of breath is helped by inhalers and . . . his back pain is helped with medication." (Tr. 15) "An impairment which can be controlled by treatment or medication is not considered disabling."[12]

**Daily Activities** -- The ALJ properly considered Mr. Hill's activities of daily living in addition to the other factors listed above.[13] He noted that Mr. Hill drives, handles his personal care

---

[10]*Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir.2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or not the claimant seeks regular medical treatment.).

[11]*Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (finding that an ALJ may rely on the fact that a claimant has undergone only conservative treatment when evaluating the severity of the impairments).

[12]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[13]*Clark v. Chater*, 75 F.3d 414, 417 (8th Cir.1996) (An ALJ weighs the credibility of a claimant's subjective complaints of pain by considering multiple factors, including daily activities,

without issue, takes out the trash, prepares meals, grocery shops, etc. (Tr. 15) These types of activities, when considered in light of the evidence as a whole, are inconsistent with Mr. Hill's claims of disability.

## IV. CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

Accordingly, the Commissioner's decision is affirmed and Mr. Hill's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 26th day of August, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

and may discredit complaints if they are "inconsistent with the evidence as a whole.")